[Judge Price of the Third circuit taking the place of Judge Kibler.]

JOHN WATKINS ET AL. v. WILLIAM HALL, ET AL.

REMOVAL OF A SCHOOL HOUSE BY THE BOARD OF EDUCATION WILL BE ENJOINED, WHEN.

The control and management of school interests in the selection of sites and in the erection and equipment of buildings is committed to the jugdment and discretion of the board of education; but when such board proposes the expenditure of public money to take down a satisfactory school building and rebuild it on another site in a somewhat distant part of the district and such action of the board being uncalled for and no good excuse given for it, is an abuse of their authority and discretion, which a court of equity will enjoin.

On Appeal from the Court of Common Pleas of Licking county.

PRICE, J.

In the year 1894, the defendants, as members of the board of education of Newark township, were taking steps to take down and remove a certain school house, in District No. 2, from its present location, and to rebuild it on another site, further north, on a different highway. The

recorded proceedings of the board, and some of the other evidence given, indicate that a change of site had been contemplated and discussed for some considerable time. At one time it was thought that the school house should go to some point on the Granville road, but the latter board settled on a site once occupied about twenty years ago, north of the present location, and one hundred and sixty rods from the north line of the school district. On this old site there had been a school house which was used for years, but it was destroyed by fire, and when a new building was provided for, the one in controversy was erected and furnished, which was about thirteen or fourteen years ago. The location is near the geographical center of the district, on a good public highway, intersecting the Granville road, and extending west of the hills—or, what has been called the "foot-hills."

The lot so selected, and on which the school house was erected, while not at first all that could be desired as to grade and condition, has, from time to time, been so improved and graded that it became and is a suitable location for the school. The building itself is all that is desired as to material, size, workmanship and inside equipment. Indeed, so satisfactory is it in all respects, that the same materials are to be taken down, and removed to a northern lot, and there a building of the same size, form and equipment is to be reproduced. The present lot has proper and necessary out-buildings, grown shade trees—in short, no complaint is made of the building, its appurtenances or surroundings.

The plaintiffs who are residents of this district, interpose and object to the taking and removal, and ask that the board of education be enjoined from doing these things.

We have heard the case on the evidence, and we have stated some of the facts which are disclosed by the testimony. It seems that the only ground which the board has for its action—the only one, at least, brought to our attention, is that the new place selected is more accessible for the school youth of the district, more convenient for the greater number; and evidence has been heard as to what is the number of school youths in the north part, and the number in the south part of the district. At one time, it seems, there was a majority who would be better served by a schoolhouse where it now is. At another time, a majority might be conveniently accommodated by a place one hundred and sixty rods from the north line. But, with the very small school attendance in this district, the majority either way has been exceedingly small.

Under all these circumstances, what are the rights of the parents who are interested in having the building remain; and with this question, what power has the court to restrain the conduct complained of?

It is very clear that so far are the control and management of the school interests—the selection of site, and erection and equipment of buildings—committed to the judgment and discretion of the board of education, that a court cannot interfere with the exercise of such judgment and discretion, except where it is abused or overreached, or where the conduct or action of the board proceeds from fraudulent motives, or improper purposes, which would be the same thing in law as a gross abuse of discretion.

If there was no building on the present site, and it was simply the exercise of a choice of location, we would have no right to control or restrain the board in the exercise of its choice, no matter how flagrant the wrong to many in the district.

But that is not this case; without any well-founded reason, the board

proposes the expenditure of public money to take down a satisfactory building, with all its equipments, and remove them to another and somewhat distant point, having no better natural surroundings, and all for what purpose? Why, it is said, the trend of the school youth is toward the north end of the district, and that it will, or may have, a majority that will be best accommodated at the north end.

When they came to count the noses (so to speak), for one year, there may have been two or three more on one side than the other. The next year, by reason of arrivals at majority, or, for other reasons, this majority is lost to the other side. And so it seems to have alternated for two or three years prior to this trial. The same is likely to continue. The favored parents in the south part of the district may be able to number more of their household gods this year than they can in the north. The very next year, removals, etc., may turn the scale to the north. So it seems to follow from the proposed action of this board, in order to be consistent, that, as these changes may run one way or the other, the school house should be taken down and brought nearer to the doors of this vacillating majority.

This course, the one proposed by the board, is not called for, nor can a good excuse be found for it. It is, in our judgment, an abuse of their authority and discretion. While we find no evidence of any corrupt or dishonest motive behind this proposed removal, we can find no reason for it; and on these facts we hold that the exercise of the power contemplated by this board would be an abuse of that discretion which is a subject-matter for the control of this court.

The injunction is granted, and made perpetual at the costs of the defendants.